# IN THE COURT OF APPEALS OF IOWA

No. 18-1515
Filed November 7, 2018

IN THE INTEREST OF K.S.,
Minor Child,

W.S., Mother,
          Appellant.

_____

          Appeal from the Iowa District Court for Black Hawk County, Stephen C. Clarke, Judge.

          The mother appeals the termination of her parental rights. **AFFIRMED.**

          Nina Forcier of Forcier Law Office, PLLC, Waterloo, for appellant mother.

          Thomas J. Miller, Attorney General, and John McCormally, Assistant Attorney General, for appellee State.

          Timothy M. Baldwin, Waterloo, guardian ad litem for minor child.

          Considered by Danilson, C.J., and Potterfield and Doyle, JJ.

**POTTERFIELD, Judge.**

The mother appeals the termination of her parental rights to her child, K.S., born in 2017. The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(g), (h), and (*l*) (2018). On appeal, the mother claims there is not clear and convincing evidence to support the statutory grounds for termination, she should be given an additional six months to work toward reunification, termination is not in the child's best interests, and the parent-child bond weighs against termination.[1]

In considering the mother's claims, we review the termination proceedings de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012).

We begin by considering the statutory grounds. "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *Id.* at 774. We consider the grounds of section 232.116(1)(h), which allows the court to terminate parental rights if all of the following are met:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother only challenges the fourth element—whether K.S. could be returned to her care at the time of the termination hearing. *See In re D.W.*, 791 N.W.2d

---

[1] No father appeals.

703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean to mean "at the time of the termination hearing").

K.S. was born in November 2017 and tested positive for amphetamines and THC at birth. The mother also tested positive for the substances and admitted using methamphetamine, marijuana, and un-prescribed Adderall during her pregnancy. The Iowa Department of Human Services (DHS) became involved, and K.S. was removed from the mother's custody before he was discharged from the hospital. The mother continued to use illegal substances during the pendency of the case; she had at least one positive test for amphetamines, methamphetamine, and THC. She also self-reported on a number of occasions that she would test positive if drug tested, including as late as July 31—less than ten days before the termination hearing—when she admitted recent use of methamphetamine and marijuana to her probation officer. The mother did not complete any drug-treatment programs during the approximately ten-month pendency of proceedings. Additionally, according to the testimony of the DHS social worker assigned to the family, the probation officer made the decision to place the mother in a "locked facility" after she admitted on July 31 that she could not otherwise abstain from using illegal drugs. It is unclear from the record before us what type of facility the mother was in at the time of the termination hearing. However, even if the facility would allow the mother to have the child with her, we agree with the juvenile court that K.S. could not be returned to the mother's care at the time, as she continues to struggle with the same issues that caused DHS to become involved. *See In re M.S.*, 889 N.W.2d 675, 680 (Iowa Ct. App. 2016) ("[A] child cannot be returned to the custody of the child's parent under section 232.102

if by doing so the child would be exposed to any harm amounting to a new child in need of assistance adjudication." (alteration in original) (citation omitted)).

The mother maintains that even if the child could not be returned to her at the time of the hearing, she should be given an additional six months to work toward reunification. Iowa Code section 232.104(2)(b) allows the juvenile court to delay permanency when "the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." The juvenile court denied this request, stating:

> [The mother] has had services from [DHS] for almost five consecutive years. During that time she has had other children removed and either placed in the sole custody of their fathers or had [her] parental rights terminated. During the last nine months, she has had intensive services available and has been unable to respond appropriately to them on a consistent basis. . . . [A] further period of services will not correct the many personal problems that [the mother] continues to have.

In our de novo review of the record, we agree with the juvenile court. As recently as June 2018, the mother was discharged from a treatment program, in part, "for lack of readiness to resolve her problems." Nothing in the record leads us to conclude the mother was more ready to address the issue by the time of the termination hearing, and recovery from long-term drug addiction is a lengthy process. We cannot say the mother would be in a place to care for K.S. six months after the termination hearing.

The mother combines her argument regarding the best interests of K.S., *see* Iowa Code § 232.116(2), and the permissive factors weighing against termination, *see id.* § 232.116(3). She maintains that because she shares a bond with the child and loves the child, her rights should not be terminated. We

acknowledge the social worker's testimony that the mother is bonded to K.S. But we cannot say the record supports a finding that K.S. is so bonded to the mother that termination of her rights would be detrimental to him. *See* Iowa Code § 232.116(3)(c). The mother has never had custody of K.S., as he was removed from her care before being discharged from the hospital. And while the mother has been able to, as she argues in her appellate brief, attend to the child's needs during visits by feeding him, diapering him, holding him, and showing affection, we cannot say her ability to provide appropriate care for K.S. for limited periods of time in a supervised setting makes it in K.S.'s best interests for the mother to maintain her parental rights. K.S. needs and deserves more. We affirm.

**AFFIRMED.**